**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JOHN PHILLIP BROWN                                                                           PLAINTIFF

v.                                                                          Cause No. 3:10-CV-268-CWR-FKB

COMMISSIONER OF SOCIAL SECURITY                                                DEFENDANT

**ORDER**

Pending before the Court is the Report and Recommendation of the United States Magistrate Judge in this Social Security appeal. Docket No. 16. The Magistrate Judge recommends remanding Vietnam veteran John Phillip Brown's claim for disability benefits, so that an Administrative Law Judge ("ALJ") may determine Brown's disability onset date. *Id.* The Commissioner of Social Security has objected, Docket No. 19, and Brown has replied, Docket No. 20. The Commissioner has also moved to strike Brown's reply. Docket No. 21. Brown opposes the motion. Docket No. 23.

I.     *Standard of Review*

When a party objects to a Report and Recommendation, this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). "[A] district court reviewing a magistrate judge's R & R has wide discretion to consider and reconsider the magistrate judge's recommendation." *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 211 (5th Cir. 2010). The Court is not required to reiterate the Magistrate Judge's own findings of fact and conclusions of law, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citation omitted); make new findings of fact, *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000); or consider objections that are frivolous, conclusory, or general in nature, *Battle v. United States Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987).

In reviewing Social Security appeals in particular, the Court is mindful of the beneficial purpose of the Social Security Act and its corresponding administrative regulations and rulings. *E.g.*, *Savo v. Astrue*, No. 3:10-cv-1612, 2011 WL 5025488, *2 (D. Conn. Oct. 21, 2011).

II.    *Discussion*

After reviewing the entire record, the Magistrate Judge's thorough Report and

Recommendation, and the relevant pleadings, the Court will adopt the Report and Recommendation as its own findings of fact and conclusions of law, with the following supplement addressing the Commissioner's specific objections:

The Commissioner argues that Brown was bound by his attorney's oral motion to set his disability onset date in 2006.  Docket No. 19, at 1-2.  He claims that once this motion was made, the ALJ could not examine the contrary record evidence regarding the onset date.  *Id.* at 4.  On the merits, the Commissioner claims that the weight of the evidence supports an onset date of 2006 or later.  *Id.* at 3-5.  He also argues that Brown's true claim for benefits is not that his disabilities prevented him from working, but that his disabilities led prospective employers to reject his employment applications, which is not a covered reason to receive benefits.  *Id.* at 5-6.

The Commissioner's argument overlooks the fact that even before Brown's lawyer made his motion, the ALJ had concluded that there was no evidence to support an onset date before 2006, even though such evidence existed in the record.  *Compare* Docket No. 8-2, at 33 (hearing transcript) *with* Docket No. 16, at 8 (R&R discussing record evidence).[1]  And in summarily granting that motion, the ALJ was in conflict with the plain language of the Social Security Ruling governing the determination of disability onset dates.

Social Security Ruling 83-20 requires an ALJ to evaluate "together" the applicant's claimed onset date, work history, and the medical evidence.  SSR 83-20, cited in Docket No. 16, at 6.  The onset date alleged by the applicant is a "starting point" only, and "is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence."  *Id.*  In contrast, the date of work stoppage is "frequently of great significance in selecting the proper onset date," while the medical evidence is "the primary element in the onset determination."  *Id.*  "When the medical or work evidence is not consistent with the [alleged onset date], additional development may be needed to reconcile the discrepancy.  However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record."  *Id.*, available at Docket No. 16, at 7.  Finally, when precise evidence is not available and the onset date must be determined by the ALJ's reasonable inferences, a "convincing rationale must be given for the date

---

[1] The ALJ said, "I have a problem with the onset date.  There is no evidence in this record that I can find that goes back to December the 1st, 2004."  Docket No. 8-2, at 33.

selected." *Id.*, available at Docket No. 16, at 8.

Although the Commissioner recognizes that the alleged onset date is a "starting point" under Ruling 83-20, his argument has given inadequate weight to the remaining language of this Ruling, as well as the ALJ's obligations. "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. If the ALJ does not satisfy his duty, his decision is not substantially justified." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citations omitted); *see also* 20 C.F.R. § 404.944 ("At the hearing, the administrative law judge looks fully into the issues . . . .").

Here, Brown's alleged onset date was not consistent with his work history or medical evidence, and therefore could not be summarily adopted by the ALJ. This fact remains even though Brown's allegation of onset date was made through counsel at a hearing. On this record, additional development was required, followed by a "convincing rationale" for selecting an onset date of 2006.

III.     Conclusion

The Magistrate Judge's Report and Recommendation [Docket No. 16] is hereby adopted as the finding of this Court. The Commissioner's objections [Docket No. 19] are overruled. This matter is remanded for a determination of onset date after consultation with a medical advisor or advisors and otherwise complying with the directive of Ruling 83-20. The Commissioner's motion to strike [Docket No. 21] is granted.

SO ORDERED this the 28th day of November, 2011.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE